THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, v. AMARIAH H. BRADNER, APPELLANT.

*Practice on appeal in criminal cases — the case cannot be settled by the stipulation of the attorneys — it must be settled by the judge and filed with the clerk — Code Criminal Procedure, secs.* 456, 459, 539.

APPEAL from a judgment entered upon a verdict rendered at the Livingston Court of Sessions convicting the defendant of the crime of grand larceny in the first degree; and also from an order denying a motion for a new trial made upon the minutes of the court and affidavits of newly discovered evidence; also an appeal from an order of the same court, dated the 23d day of June, 1886, denying a motion to vacate the judgment and grant a new trial on the ground of newly discovered evidence; the defendant also moves for a new trial in this court on the ground of newly discovered evidence. The people moved to dismiss the appeal from the order dated the 23d day of June, 1886, upon the ground that such an order was never made or entered.

The court at General Term said: "The appellant, in May, 1885, was indicted by the grand jury of Livingston county for the crime of grand larceny in the first degree. The defendant, upon affidavits tending to show that Ralph T. Wood, the counsel assisting the district attorney in the prosecution of this case, appeared before the grand jury and gave advice in reference to the indicting of the defendant and how the indictment should be prepared, moved to dismiss the indictment. Affidavits on the part of the district attorney and Mr. Wood, were read in opposition, which tend to show that Wood appeared before the grand jury as a witness and was sworn as such; that he gave no advice other than that which was given to the district attorney outside of the grand jury room. The opposing affidavits satisfactorily explain the conduct of Mr. Wood before the grand jury and the motion to dismiss the indictment was properly denied.

"There is no other question presented by the appeal book which we can properly consider unless it is the motion of the district attorney to dismiss the appeal from the order dated June 23d, 1886. The appellant caused to be prepared and settled a bill of exceptions. It states that the district attorney offered certain evidence and asked certain questions, which were objected to by the defendant; that the objection was overruled and exception taken. It does not, however, state whether such evidence was in fact received or what it was, so that we are unable to determine whether or not the defendant was prejudiced. There is also printed in the appeal book what purports to be the minutes of the stenographer taken upon the trial. They are not, however, made a part of the bill of exceptions; they have not been signed or settled by the judge presiding at the trial and have no business in the appeal book. It is true that the attorneys have stipulated that the minutes or notes of the stenographer may be incorporated in or attached to the judgment roll required to be made up by the clerk by section 485 of the Code of Criminal Procedure; and that the minutes of testimony so incorporated or attached to the judgment roll may be referred to for the evidence to which exceptions were taken on the trial as appears from the bill of exceptions filed in the clerk's office; and that the judgment-roll with the minutes of testimony so incorporated or attached shall have the same force and effect as though

the notes had been made and settled including the testimony given on the trial and attached to the judgment roll. But the attorneys are not authorized to settle a case in a criminal action. A judgment of conviction in a criminal action cannot be got rid of by the default of the district attorney, for a judgment of reversal can only be given upon argument which satisfies the appellate court that the judgment should be reversed, even though the district attorney failed to appear in the case. (Code of Crim. Pro., sec. 539.) It is consequently provided that a bill containing the exceptions *must* be settled and signed by the presiding judge and filed with the clerk. (Sec. 456.) And again, at the time appointed, the judge *must* settle and sign the bill of exceptions. (Sec. 459.) Whether these minutes, as printed, are correct or not is not even shown by the stipulation of the attorneys. In some instances they are at variance with the bill of exceptions as settled and signed by the judge. It does not appear whether the whole or a part of the minutes have been printed; and where the contention is that the verdict is against the weight of evidence it should appear that the case contains all of the evidence. (*Spence* v. *Chambers*, 39 Hun, 193.)

" For the same reasons the motions for new trial on the ground of newly discovered evidence must fail. The evidence not being before us, we cannot well judge as to the materiality or importance of the newly discovered evidence, or whether it is cumulative or would be likely to affect the result in case a new trial should be granted."

*James Wood* and *Lucius N. Bangs*, for the appellant.

*George W. Daggett*, district attorney, and *Ralph T. Wood*, for the respondent.

Opinion by HAIGHT, J.; SMITH, P. J., and BRADLEY, J., concurred.

Judgment and order affirmed and motion for new trial denied, and proceedings remitted to the Court of Sessions of Livingston county to proceed thereon.